IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



KATHY FARINA, ROSANNA )
GELARDI and ADDOLORATA )
CUPOLA, )
 )
 )
Plaintiffs, )
 )
v. ) No. 04 C 2383
 )
CICCONE FOOD PRODUCTS, INC., )
 )
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, we deny in part and grant in part Plaintiffs' motion in limine and we deny Defendant's motion in limine in its entirety.

## DISCUSSION

Both Plaintiffs and Defendant have failed to properly file separate motions in limine for each of their requests. Instead, each side has filed one extended motion in limine, within which are various requests. Despite the irregularity in the parties' filings, in the interest of avoiding delays in these proceedings, we shall address the

1

various "requests" within each side's motion in limine.

I. Plaintiffs' Motion in Limine

A. Federal Rules of Evidence (Request Numbers 1-2)

Plaintiffs request that the court not allow defense counsel to ask leading questions of an adverse witness in violation of Federal Rule of Evidence 611(c) and to not allow the questioning of a witness regarding the truthfulness of another witness' testimony in violation of the Federal Rules of Evidence. Such abstract and overly broad requests are improper for a motion in limine. At trial, the court will appropriately apply all of the Federal Rules of Evidence. Violations of such rules should be raised by objections at trial on a case-by-case basis. Therefore, we deny Plaintiffs' motion in limine request numbers 1-2.

B. Legal Conclusions (Request Number 3)

Plaintiffs request that the court bar Defendant from eliciting testimony at trial by a witness that contains legal conclusions. Again, such an abstract request by Plaintiffs is improper. A motion in limine is not the proper avenue by which to ask the court to order the defendant to abide by the commonplace rules of law. Plaintiffs have not even presented any explanation as to why they believe that such testimony might be elicited by Defendant. Any such requests should be made by an objection at trial on a case-by-case basis. Therefore, we deny Plaintiffs' request number 3.

### C. Adverse Effect of Verdict (Request Numbers 4 and 6)

Plaintiffs request that the court bar evidence indicating the effect that an adverse verdict might have on Defendant's continued operations and upon Sal Ciccone's career and future employment. Defendant has not pointed to any reason why such evidence or testimony would have any relevance in this action. We agree with Plaintiffs that such evidence would not be relevant and would be unduly prejudicial. Therefore, we grant Plaintiffs' request numbers 4 and 6 and bar Defendant from presenting evidence or eliciting testimony that will show the effects that an adverse verdict against Defendant will have on its operations, Sal Ciccone's future employment, or Sal Ciccone's career.

### D. Insurance Coverage (Request Number 5)

Plaintiffs ask the court to bar Defendant from presenting evidence or eliciting testimony that shows that Defendant does not have any insurance that will pay for an adverse verdict that is entered against Defendant. Plaintiffs argue that such information is irrelevant and unduly prejudicial. Defendant argues that if Defendant had such insurance, Plaintiffs would "want to inquire" at trial whether Defendant had such insurance in order for Plaintiffs to prove that Defendant was owned by Sal Ciccone. (D Ans. 4). However, Defendant is merely speculating as to what testimony Plaintiffs may seek at trial.

Defendant also argues that in the absence of testimony that Defendant does not have insurance, the trier of fact will presume that Defendant does have insurance. Such an argument is without merit. If the trier of fact is told nothing about insurance, the trier of fact has no reason to presume that Defendant does or does not have insurance. Also, regardless of what the trier of fact may believe in regards to Defendant's insurance status, the trier of fact is obligated to ignore such beliefs because such information is irrelevant to the issues that will be presented at trial. We agree with Plaintiffs that the fact that Defendant has no insurance coverage for an adverse verdict is irrelevant and to the extent that it may have any relevance is unduly prejudicial. Therefore, we grant Plaintiffs' request number 4 and bar Defendant from presenting such evidence or eliciting testimony regarding such information.

### E. Amount of Expected Damages (Request Number 7)

Plaintiffs ask the court to "[p]reclude counsel from arguing that Plaintiffs' counsel asked for a greater amount of damages than Plaintiffs expect to receive." (M InL R 7). Plaintiffs provide no further explanation than the above cursory sentence for their request. It is not clear what Plaintiffs seek to bar by such a request and absent sufficient detail to explain the request no relief can be considered by the court. Plaintiffs may renew this objection at trial in a more articulate manner on a case-by-case basis. Therefore, we deny Plaintiffs' request number 7 without

prejudice.

II. Defendant's Motions In Limine

A. Sexual Harassment Against Others (Request Number 1)

Defendant seeks to bar evidence that shows that Sal Ciccone or Joe Minerva sexually harassed employees of Defendant other than the named Plaintiffs. Plaintiffs argue that evidence of sexual harassment against employees other than named Plaintiffs is relevant in proving a sexual harassment claim for a named plaintiff. The Seventh Circuit has explicitly recognized that incidents of sexual harassment against employees other than the plaintiff "do have some relevance in demonstrating the existence of a hostile work environment" although "the impact of 'second-hand harassment' is obviously not as great as the impact of harassment directed at the plaintiff." *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1144 (7th Cir. 1997). *See also Smith v. Northeastern Illinois Univ.*, 388 F.3d 559, 567 (7th Cir. 2004)(stating that although harassment directed at employees other than the plaintiff does not have the same impact it is relevant evidence in determining whether plaintiff was subjected to a hostile work environment). Thus, we deny Defendant's request to bar evidence of harassment against employees other than Plaintiffs.

We note, however, that we are not giving Plaintiffs carte blanche authority to introduce all such evidence. It is possible that there may be facts that distinguish an incident with another employee from the allegations of harassment in the instant

5

action, such as the time period or the identity of the alleged harasser. If an incident regarding an employee other than a named Plaintiff is sufficiently distinguishable, such evidence of harassment in all probability would not be admissible. Therefore, we deny without prejudice Defendant's request to exclude evidence of harassment against employees other than Plaintiffs. Defendant may object to such evidence at trial on a case-by-case basis.

### B. Pre-1998 Harassment (Request Number 2)

Defendant requests that the court exclude all evidence of harassment before 1998 because Defendant issued a new sexual harassment policy manual in 1998. Defendant argues that such evidence is irrelevant. We cannot agree with Defendant that a bright line can be drawn at 1998 at which all such evidence becomes irrelevant. As with any evidence raised at trial, if Defendant wishes to challenge the relevance of the evidence based upon the time period that it corresponds to, then Defendant should raise objections on a case-by-case basis at trial.

### C. Testimony of Husbands and Children (Request Number 3)

Defendant requests that the court bar Plaintiffs from presenting testimony from their husbands and children because such evidence is irrelevant and is hearsay. Plaintiffs have indicated in their answer to the motion in limine that such testimony would be utilized for damages purposes only. Plaintiffs' emotional distress is a

determination that must be addressed by the trier of fact and Plaintiffs may call such witnesses to address the distress that the alleged harassment caused Plaintiffs. Defendant is incorrect that all such testimony would automatically be hearsay. Whether or not the testimony will contain hearsay is entirely dependent on the particular testimony of a particular witness. Such an objection is thus appropriately reserved for trial. Therefore, we deny Defendant's motion to bar the testimony of Plaintiffs' husbands and children.

### D. Testimony of Ermalinda Ponticelli (Request Number 4)

Defendant asks the court to bar Ermalinda Ponticelli ("Ponticelli"), a former salesperson of Defendant, from testifying that Sal Ciccone was "forcing himself" upon her, that Plaintiff Kathy Farina ("Farina") obtained a home pregnancy test for Ponticelli, and that Ponticelli was discovered in a compromising position with Sal Ciccone by Sal's wife. (D Mot InL 3). Defendant points to testimony by Farina at her deposition about what Ermalinda told her and Defendant argues that such testimony by Farina would be hearsay. However, Defendant acknowledges that Ponticelli is on Plaintiffs' witness list. Thus, if Ponticelli testifies to facts that she is relating from her first hand knowledge, such testimony would not be hearsay. Evidence concerning alleged harassment against Ponticelli will be treated the same as is indicated above in regards to Defendant's in limine request number 1. Therefore, we deny Defendant's motion to bar the testimony of Ermalinda.

### E. EEOC Findings ( Request Number 5)

Defendant asks the court to bar the Equal Employment Opportunity Commission ("EEOC") administrative findings. Defendant argues that such evidence would be hearsay. However, Plaintiffs have indicated that they intend to call as witnesses EEOC Director John Rowe and EEOC investigator Shawn Hayes. Such witnesses may testify first hand as to their findings. To the extent that Plaintiffs seek to introduce EEOC documents through these witnesses, Defendant's objections should be made on a case-by-case basis at trial rather than seeking a general bar of all EEOC findings. Therefore, we deny Defendant's motion to bar the admission of the EEOC findings.

### CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' in limine request numbers 1, 2, 3, and 7. We grant Plaintiffs' in limine request numbers 4, 5, and 6. We deny Defendant's motion in limine in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 9, 2005