# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHY FARINA, ROSANNA GELARDI and ADDOLORATA CUPOLA, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )  No. 04 C 2383 |
| CICCONE FOOD PRODUCTS, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for injunctive relief, Plaintiffs' motion for attorneys' fees and case expenses, and on Defendant Ciccone Food, Inc.'s ("Ciccone Food") motion for attorneys' fees. For the reasons stated below, we deny Plaintiffs' motion for injunctive relief, grant in part Plaintiffs' motion for attorneys' fees and grant Plaintiffs' request for related expenses. We deny Ciccone Food's motion for attorneys' fees.

## BACKGROUND

Plaintiffs filed a two-count complaint in the instant action alleging violations

1

of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* A jury trial was held and the jury returned a verdict finding for Plaintiffs on their hostile work environment claims and finding for Ciccone Foods on the gender discrimination claims. Plaintiffs now seek attorneys' fees, related expenses, and injunctive relief. Ciccone Food seeks attorneys' fees.

## LEGAL STANDARD

Title VII provides for injunctive relief, stating that "[i]f the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate . . ." 42 U.S.C. § 2000e-5(g). Pursuant to section 2000e-5(k) of Title VII, "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k).

## DISCUSSION

I. Motion for Injunctive Relief

Plaintiffs move for injunctive relief based upon 42 U.S.C. § 2000e-5(g) and the verdict in their favor in this action on their hostile work environment claims. Plaintiffs ask the court to enjoin Ciccone Food from causing or encouraging future

unlawful harassment or retaliation based on its employees' gender. Plaintiffs also ask that the court order Ciccone Food to retain the services of a qualified Title VII compliance officer and that Ciccone Food establish, under the supervision of the officer, a sexual harassment, discrimination and retaliation policy.

Once a violation of Title VII has been found, courts have wide discretion in fashioning injunctive relief. *United States Equal Employment Opportunity Commission. v. Gurnee Inn Corp.*, 914 F.2d 815, 817 (7th Cir. 1990). To obtain an injunction, a plaintiff need not prove that the defendant employer has engaged or is engaging in a pattern or practice of unlawful employment practices. *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 864 (7th Cir. 2001). In determining whether injunctive relief is appropriate in a particular case, the court should look to the likelihood that the unlawful employment practice will continue in the future, which involves assessing whether the individuals responsible for the harassment are still employed by the defendant. *Id.*

In the instant action, there were only two individuals that perpetrated the harassment. This is not a case where an entire supervisory body in a company engaged in systematic harassment that would require future injunctive relief to fully remedy the problem. Both of the harassers in this case, Joseph Minerva ("Minerva") and Sal Ciccone, are still employed by Ciccone Food. However, Minerva is no longer the general manager and is now only a salesperson at Ciccone Food. Thus, Minerva lacks supervisory authority over employees, which means he no longer has

the sense of security and power of intimidation that he once had when he was engaging in harassment in the past. Employed as a salesperson, there is no reason to presume that Minerva would engage in the same outrageous behavior as before. In the future, a salesperson at Ciccone Food, for example, would be more likely to complain about harassment from another salesperson than about the harassment from the general manager of the company, who is the second in command at the company. Minerva's conduct has also cost his employer, Ciccone Food, a significant amount of money in terms of litigation costs and the monetary awards at trial and, thus, Minerva has every reason to attempt to avoid causing such future losses to his employer.

Sal Ciccone is the President of Ciccone Food and, based upon his testimony at trial regarding the stress he suffered from the instant action, the verdict against his company, and the accompanying monetary awards, it is likely that Sal Ciccone will refrain from all harassing behavior in order to avoid future pitfalls for his company. The evidence presented at trial also indicates that Sal Ciccone will ensure that a proper sexual harassment policy and reporting system are maintained at Ciccone Food. Plaintiffs ask the court to enjoin Ciccone Food from violating Title VII and to order Ciccone Food to establish a sexual harassment policy, but such measures would warrant an extended involvement by the court in the affairs and operations of Ciccone Food. Plaintiffs have not shown that there are compelling circumstances to warrant the additional expenditure of court resources for such a purpose. If Ciccone

Food violates Title VII in the future, there is nothing that prohibits its remaining employees from bringing another suit based upon those violations.

Finally, none of the three Plaintiffs whose harassment formed the basis of the instant action remain employed at Ciccone Food. The trial mainly focused upon conduct directed at the Plaintiffs, and there was no specific finding by the jury regarding whether there was a company-wide hostile work environment for all female employees. We cannot presume that all female employees were harassed by Minerva and Sal Ciccone. The only individuals that were shown to be harassed at trial are no longer employed at Ciccone Food, which also diminishes the need for injunctive relief. Therefore, we deny Plaintiffs' request for injunctive relief.

## II. Ciccone Food's Motion for Attorneys' Fees

Ciccone Food moves for an award of attorneys' fees. A district court has discretion to award a prevailing defendant in a Title VII action attorneys' fees under 42 U.S.C. § 2000e-5(k), "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421 (1978); *see also Roesel v. Joliet Wrought Washer Co.*, 596 F.2d 183, 187 (7th Cir. 1979); *Crowder v. Telemedia, Inc.*, 659 F.2d 787, 789 (7th Cir. 1981)(citing *Christianburg* for the proposition that "[f]ee awards to prevailing defendants under Title VII are the exception rather than the rule").

In the instant action, the jury found for Ciccone Food and against Plaintiffs on the gender discrimination claims. Ciccone Food argues that, because of that finding, it should be awarded attorneys' fees. We disagree. Although Plaintiffs did not succeed on their gender discrimination claims, that does not mean that the claims were frivolous. The record and finding of hostile work environment was based on the same facts and allegations that supported the gender discrimination claims. The jury in making the hostile work environment finding necessarily found that Plaintiffs were harassed because of their gender. The fact that Plaintiffs prevailed on their hostile work environment claim illustrates that the similar claim of gender discrimination was not completely baseless. Plaintiffs presented evidence at trial of statements made to Plaintiffs of a sexual nature that were specifically based upon Plaintiffs' gender. Such comments, although not necessarily sufficient to prevail on the merits, are sufficient to support at least colorable and non-frivolous discrimination claims.

Ciccone Food also argues that the deposition and trial testimony made clear that Plaintiffs Rossana Gelardi ("Gelardi") and Addolorata Cupola ("Cupola") were not constructively discharged and, thus, Plaintiffs should not have continued to litigate the gender discrimination claims. However, this argument was presented by Ciccone Food in its motion for summary judgment and the court denied the motion for summary judgment. The court specifically noted, based upon the many admitted instances of misconduct, that Ciccone Food was not entitled to summary judgment

based on the lack of constructive discharge of Gelardi and Cupola. (OP 5/12/05 10). Plaintiffs' pursuit of their theory that Gelardi and Cupola were constructively discharged, although not successful, was not the pursuit of a frivolous position. If there were any resources expended in this action addressing unnecessary matters, it was the time spent by the court and the parties' counsel addressing Ciccone Food's motion for summary judgment, which was filed despite the plethora of material factual issues in this case, and which bordered on being frivolous. Therefore, we deny Ciccone Food's motion for attorneys' fees. We also note that in equity and fairness it would be preposterous to award attorneys' fees to Ciccone Food for its counsel's work in this case, considering the many deficiencies in Ciccone Food's filings and the delays and other problems caused in this action by Ciccone Food, which have been well documented in the record of this case.

III. Plaintiffs' Motion for Attorneys' Fees and Case Expenses

Plaintiffs move to recover attorneys' fees and case expenses. A prevailing plaintiff in a Title VII action may request attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) and "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995)(quoting S. Rep. No. 94-1011, p. 4 (1976)). A Title VII plaintiff is considered the prevailing party if he or she "succeed[s] on any

significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Dunning,* 62 F.3d at 872(citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)); *see also Worth v. Tyer,* 276 F.3d 249, 269 (7th Cir. 2001)(indicating that a prevailing party is one that "prevailed on significant issues in the litigation").

Ciccone Food has not shown that there are any special circumstances that would make it unjust to award Plaintiffs attorneys' fees. In regard to whether Plaintiffs are a prevailing party, Plaintiffs prevailed on their hostile work environment claims at trial and thus prevailed on significant issues in obtaining such a verdict. Plaintiffs also sought compensation for the harassment at trial and they obtained that significant benefit. Therefore, Plaintiffs are deemed prevailing parties in this suit.

To determine the amount of an attorneys' fees award, the court should consider a lodestar amount, which is calculated by "multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate." *Mathur v. Board of Trustees of Southern Illinois University,* 317 F.3d 738, 742 (7th Cir. 2003). Once the loadstar amount is calculated, it may be adjusted depending on factors relating to the specific litigation such as "the time and labor required," "the novelty and difficulty of the questions," "the skill requisite to perform the legal services properly," "the amount involved and the results obtained," and other factors. *Id.* n.1. In the instant action, Plaintiffs claim that their attorneys worked 853.95 hours on the case, at a rate of $300 per hour. This results in a lodestar

amount of $256,185.00 for all of Plaintiffs' claims. According to Plaintiffs, Ciccone Foods has agreed that such an amount is a proper lodestar figure. Ciccone Food has not indicated otherwise in its answer and has not argued that any of the above factors merit lessening the figure. We agree that the proper amount is $256,185.00.

Plaintiffs prevailed in this action on three of their six claims and seek attorneys' fees for all of their claims. In general, in awarding attorneys' fees in a Title VII case, if a plaintiff prevails only partially at trial the court should determine "whether or not the plaintiff's unsuccessful claims were related to the claims on which he succeeded, and whether the plaintiff achieved a level of success that makes it appropriate to award . . . fees for . . . unsuccessful claims." *Dunning*, 62 F.3d at 872(quoting *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986)). In a case where a plaintiff pursues "distinctly different claims for relief that are based on different facts and legal theories," the plaintiffs cannot recover attorneys' fees for time expended on unsuccessful claims that are "distinct in all respects from his successful claims." *Bryant v. City of Chicago*, 200 F.3d 1092, 1101-02 (7th Cir. 2000). If the plaintiff's claims are related to "a common core of facts or are based on related legal theories," since the plaintiff's counsel's time will mainly be devoted to addressing the case in general, as opposed to separate claims, the "time spent on related claims that ultimately prove unsuccessful should not be automatically excluded from the attorney's fee calculation." *Id.* Rather, in such a situation, the court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours

reasonably expended on the litigation." *Id.* Finally, a partially prevailing plaintiff should not be entitled to recover all attorneys' fees for time spent on all claims "if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* (quoting *Hensley*, 461 U.S. at 440).

In the instant action, the gender discrimination claims are related to the hostile work environment claims in that they are based upon many of the same facts and evidence. However, Plaintiffs merely prevailed on half of their claims in the instant action. Such a level of success would not make it appropriate to award the fees incurred prosecuting the entire action. Although some of Plaintiffs' investigations for the claims may have been overlapping, the issues relating to the hostile work environment and discrimination claims are distinct. This fact is illustrated by the verdict in favor of Plaintiffs on the hostile work environment claim and against them on the gender discrimination claims. Also, in terms of issues presented at trial, although Plaintiffs succeeded in proving harassment had occurred, Plaintiffs did not succeed in showing discrimination based upon gender, which was a significant part of their case. Therefore, Plaintiffs cannot recover all of their attorneys' fees incurred for all of their claims. However, due to the fact that some of the facts connected to the hostile work environment claims and gender discrimination claims were intertwined, some of Plaintiffs' work would have inevitably been spent on the case as a whole rather than on particular claims. We need not determine the precise number of hours spent by Plaintiffs' counsel for each type of claim. *Id.* (stating that

10

"[i]n reducing a fee award, a district court may attempt to identify specific hours to be eliminated or it may 'simply reduce the award across the board to account for the limited success'"). Plaintiffs prevailed on half of their claims, and therefore, half of the lodestar amount would be $128,092.50. In order to compensate for the time spent by Plaintiffs' counsel that would have reasonably been devoted to working on the case as a whole, we shall add $40,000, making a total of $168,092.50 in attorneys' fees.

Ciccone Food argues that the award of attorneys' fees to Plaintiffs should be reduced because Plaintiffs recovered only $35,000 of the millions of dollars they originally sought. However, an award of attorneys' fees is not to be adjusted so as to be proportionate to the percentage of the plaintiff's initial demand that was actually recovered. *Connolly v. National School Bus Service, Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). Additionally, attorneys' fees are not unreasonable simply because the amount of the fees awarded are significantly greater than the damages awarded. *Id.* Thus, Plaintiffs' award should not be reduced simply based upon their ultimate recovery. Therefore, we grant Plaintiffs' motion for attorneys' fees in part and award Plaintiffs $168,092.50.

Plaintiffs also seek to recover $1,751.92 in non-taxable case expenses. Plaintiffs contend that they have conferred with Ciccone Food pursuant to Local Rule 54.3(d) and that Ciccone Food has agreed that the $1,751.92 constitutes recoverable non-taxable expenses related to attorneys' fees. Ciccone Food does not contest the case expenses claimed by Plaintiffs and we find that the expenses are

recoverable and reasonable. Therefore, we grant Plaintiffs' request for case expenses totaling $1,751.92. The total amount awarded to Plaintiffs for attorneys' fees and related case expenses is $169,844.42.

## CONCLUSION

Based upon the foregoing analysis, we deny Plaintiffs' motion for injunctive relief. We grant Plaintiffs' motion for attorneys' fees in part and grant Plaintiffs' request for related expenses. We also deny Ciccone Food's motion for attorneys' fees.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 15, 2005